# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROGER LEE FREEMAN, )
)
    Movant, )
)
v. ) Case No. CV415-242
) CR406-336
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a firearm by a convicted felon (doc. 24),[1] Roger Freeman moves under 28 U.S.C. § 2255 for resentencing absent an armed career criminal enhancement. Doc. 35. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his petition must be dismissed.[2]

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

[2] Freeman also moves for an evidentiary hearing (doc. 36). Since his claims have no merit, that motion is **DENIED**. *See Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) ("[A] district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Anderson v. United States*, 948 F.2d 704, 706 (11th Cir.1991).").

On March 14, 2007, the Court sentenced Freeman after he pled guilty to one count of possession of a firearm by a convicted felon. *See* doc. 21 (change of plea); doc. 24 (judgment). His Presentence Investigation Report (PSI) deemed him an "armed career criminal" under the Armed Career Criminal Act (ACCA) based on prior convictions for the sale of cocaine, and two convictions for possession with intent to distribute cocaine, each "committed on occasions different from one another." 18 U.S.C. § 924(e); PSI ¶ 20. After adopting the PSI, the Court sentenced him to 180 months' imprisonment, the mandatory minimum for felon-in-possession convictions for armed career criminals. Doc. 24; PSI ¶ 52. Because he never appealed, Freeman's conviction became final on March 28, 2007. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Freeman filed the present § 2255 motion more than eight years later. Doc. 35 at 9 (filed August 20, 2015). He argues that under *Johnson v. United States*, \_\_\_ U.S. \_\_\_, 135 S. Ct. 2551 (2015), he no longer qualifies as an armed career criminal and thus is serving a

2

sentence beyond the applicable statutory maximum.[3] Doc. 35 at 7. He apparently premises the timeliness of his § 2255 motion on the idea that *Johnson* establishes a "retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3). It does not, at least in this case.[4]

Some background: The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms

---

[3] Freeman also claims ineffective assistance of counsel based on his attorney's "failure" to anticipate *Johnson*. *See* doc. 35 at 7. That's plainly not a viable line of attack. *See Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013) ("It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel. *See, e.g., Black v. United States*, 373 F.3d 1140, 1146 (11th Cir. 2004) ("[A]ppellate counsel's performance was not deficient for failing to predict what was not yet a certain holding."); *Jones v. United States*, 224 F.3d 1251, 1257–58 (11th Cir. 2000) ("Since the district court would be required to follow the law of this circuit until it was overruled, . . . it was not completely unreasonable for counsel to make a strategic decision to forego a claim that was a loser under the then-current state of the law. . . . [W]e are not prepared to say categorically that counsel's failure to [preserve a losing argument] constituted prejudicial, ineffective nonfeasance while the law was still unsettled."); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." (internal quotation marks and alterations omitted)).

[4] Whether *Johnson* applies retroactively in the context of a first § 2255 motion raising an ACCA residual clause claim, is an open question in this circuit. The Eleventh Circuit recently held that for purposes of § 2255(h)(2) and second or successive motions, the Supreme Court has not made *Johnson* retroactively applicable. *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015). Nevertheless, in dicta, and despite also holding that "*Johnson* does not meet the criteria the Supreme Court uses to determine whether the retroactivity exception for new substantive rules applies," *Rivero*, 797 F.3d 989, the court noted that had Rivero been "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively." *Id.* at 991. Freeman's motion, however, does not require the Court to divine the meaning of that mixed message.

3

in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that this "residual clause" violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions other than the residual clause.[5] *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of a "serious drug offense"). After *Johnson*, enhancements based on those offenses remain

---

[5] Importantly, the ACCA's "serious drug offense" definition contains no language that even remotely resembles the residual clause language *Johnson* found objectionable. *See* 18 U.S.C. § 924(e)(2)(A).

4

valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

As the PSI makes clear, Freeman's enhancement came because of three convictions for "serious drug offenses," not residual clause violent felonies. *See* PSI ¶ 20. Hence, even after *Johnson*, he has at least three ACCA predicate offenses.

It follows that Freeman cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (March 28, 2007). It ran out on March 28, 2008 (he never appealed or sought post-conviction relief before now), so his motion is untimely. Even if not, *Johnson*'s unavailability means Freeman fails to state any claim for relief. His sentence remains valid (no due process violation), so no grounds exist on which to rest the resentencing he seeks. *See* 28 U.S.C. § 2255(a) (those in prison on federal sentences may only move to correct their sentence if it was "imposed in violation of the Constitution or laws of the United States").

Accordingly, Freeman's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Proceedings Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this 16th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA