IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 406-336 |
| | * | |
| ROGER LEE FREEMAN | * | |

# O R D E R

On January 3, 2007, Defendant Roger Lee Freeman pleaded guilty to possession of a firearm by a convicted felon. He was sentenced as an armed career offender to serve 180 months of imprisonment on March 14, 2007.

Presently pending before this Court are two motions filed by Freeman seeking a reduction of his sentence. The first motion, filed on September 17, 2015, requests that time he spent in "official detention" from July 3, 2006 to June 12, 2007, be credited toward his federal sentence. The Bureau of Prisons ("BOP"), and not this Court, has authority to determine if a defendant should receive credit for time spent in custody prior to the commencement of a federal sentence. United States v. Wilson, 503 U.S. 329, 333-35 (1992). Such a motion is only properly before this Court pursuant to 28 U.S.C. § 2241 *following the exhaustion of administrative remedies*. United States v. Edwards, 545 F. App'x 891, 893 (11th Cir. 2013). Indeed, "the granting of credit for time

served is in the first instance an administrative, not a judicial, function." United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989). "Exhaustion of administrative remedies is jurisdictional in § 2241 cases." Nichols v. Warden, FCC Coleman-Low, 458 F. App'x 844, 845 (11th Cir. 2012) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)).

Here, Freeman gives no indication that he has exhausted his administrative remedies. The BOP has a four-step procedure in this regard. 28 C.F.R. §§ 542.10 et seq.; Gibson v. Apker, 2014 WL 457697, *1 (E.D.N.C. Feb. 4, 2014). First, the inmate must present his issue to the staff for informal review. 28 C.F.R. § 542.13. If unsuccessful, the inmate may then submit a formal written request to the warden using a BP-9 form. Id. § 542.14. If dissatisfied with that response, the inmate then may appeal to the BOP's regional director with a BP-10 form, and then to the BOP's General Counsel with a BP-11 form. Id. § 542.15. Freeman has not demonstrated that he has performed any of these steps. Accordingly, this Court lacks jurisdiction over the matter, and therefore Freeman's motion to receive credit for time served (doc. 37) is **DENIED**.

The second motion, filed on November 6, 2015, seeks relief under the "Sentencing Reform and Corrections Act of 2015," which, if passed, would lower the mandatory minimum sentence set by the Armed Career Criminal Act, 18 U.S.C. §

924(e), from 15 to 10 years' imprisonment.  See S. 2123, 114th Cong. (2015).  This bill, however, has not been passed; and the Court cannot speculate as to the effect, if any, it will have on Freeman's sentence.  Rather than hold the motion in abeyance any longer, the Clerk is directed to **TERMINATE** the motion (doc. 40) without prejudice to Freeman to re-file a similar motion if appropriate upon passage of the bill.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA